# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JAMES McALPHIN                                                                                              PLAINTIFF
ADC #88328

v.                                            4:19-cv-00863-BSM-JJV

SCOTT TAYLOR, *et al*.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I. INTRODUCTION

James McAlphin ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) On December 5, 2019, I denied Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. No. 1) based on Plaintiff's litigation history; Plaintiff is a "three-striker" within the meaning of the PLRA and I found he had not established imminent danger.[1] (Doc. No. 3.) Plaintiff then filed a motion for reconsideration (Doc. No. 4), which I granted as to Plaintiff's claims against Defendant Scott Taylor (Doc. No. 5.) In granting Plaintiff's Motion for Reconsideration, I found that Plaintiff's claims against Defendant Taylor satisfied the imminent danger requirement. Plaintiff alleged he was dependent on a CPAP machine, and that Defendant Taylor housed him in a cell with no electrical outlet. Because there was no outlet in the cell, the electrical cord was

---

[1] Plaintiff has had at least three 42 U.S.C. § 1983 cases dismissed for failure to state a claim upon which relief may be granted or as frivolous: *McAlphin v. Norris,* 5:97-CV-00319-GTE (E.D. Ark.); *McAlphin v. USA,* 4:97-CV-00525-BRW (E.D. Ark.); and *McAlphin v. ADC,* 5:17-CV-176-KGB (E.D. Ark.). *See also McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) ("It is not contested that the plaintiff has had his 'three strikes.'")

2

placed across a busy hallway and subject to being unplugged as a result of foot traffic, as had happened in the past. (Doc. No. 4 at 2, for example). Plaintiff's claims against Defendant Taylor were served and remain pending.

Defendant Taylor has now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies against him. (Doc. Nos. 26-28.) Plaintiff has not responded and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendant Taylor's Motion for Summary Judgment should be granted and Plaintiff's claims against him should be dismissed without prejudice. I further recommend Plaintiff's Complaint be dismissed because only Plaintiff's claims against Defendant Taylor remain pending.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 19-20, and Plaintiff's allegations are governed by that Directive. (Doc. No. 26-1 at 1-2; Doc. No. 26-2 at 1-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 26-2 at 1-2.) This is accomplished by completing and

4

submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*. at 6.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  (*Id*.)  Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (*Id*. at 8.)  The warden or his designee must provide a written response within twenty working days of receipt.  (*Id*. at 11.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (*Id*. at 12.)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 26-2 at 13.)  "A [written] decision or rejection of an appeal at this level is the end of the grievance process."  (*Id*.)  Administrative Directive 19-20 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed.  An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance.  All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed  by the court or commission for failure to exhaust against all parties.

(*Id*. at 5.)

Defendant Taylor contends Plaintiff did not exhaust any grievance against him pertaining to the claims in this case.  (Doc. No. 27; Doc. No. 26-1 at 3-4.)  In support of his argument, he submitted the Declaration of Terri Grigsby-Brown, the ADC's Inmate Grievance Supervisor. (Doc. No. 26-1.)  According to Ms. Grigsby-Brown's testimony, Plaintiff has not fully appealed

any grievance that raises the allegations Plaintiff makes against Defendant Taylor that were served in this case. (*Id*. at 3-4.)

In her sworn Declaration, Ms. Grigsby-Brown states:

> It is my understanding that Plaintiff James McAlphin, ADC # 88328, filed this lawsuit alleging that Captain Scott Taylor placed him a cell with no electrical outlet, and that McAlphin's CPAP machine must be powered by an extension cord which is plugged into an electrical outlet across a hallway. It is my understanding that McAlphin further alleges that the extension cord may be unplugged by traffic in the hallway, and that he alleges he could suffocate if the CPAP machine is unplugged while he is using it. I have reviewed McAlphin's grievance appeal file for purposes of this lawsuit. McAlphin has not fully appealed any grievance that raises the allegations set forth above. My records indicate that McAlphin has not exhausted his administrative remedies as to his claims against Captain Taylor.

(Doc. No. 26-1 at 3-4.)

Defendant Taylor has shown that Plaintiff failed to exhaust his § 1983 claims against him. Furthermore, Plaintiff has not come forward with any evidence to contradict Defendant Taylor's proof.

In the light most favorable to Plaintiff, the evidence allows me to conclude that Plaintiff failed to fully exhaust any Grievance relevant to the claims that were served in this case or that the administrative remedies were not available to him. Because Plaintiff failed to exhaust his claims against Defendant Taylor, I recommend that his claims against Defendant Taylor be dismissed without prejudice. This result may seem harsh, but I note that inmates are warned in advance that:

> An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance. All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.

(Doc. No. 26-2 at 5.)

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical

role in the remedy process. On this matter, the Eighth Circuit has explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson,* 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment filed by Defendant Scott Taylor (Doc. No. 26) be GRANTED.

2. Plaintiff's claims against Defendant Taylor be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 7th day of August 2020.

JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE